# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>PROSPER FUNDING, LLC<br><br>  Defendants. | Case No. 4:21-cv-01707 |

## CLASS ACTION COMPLAINT

**NOW COMES** RADLEY BRADFORD, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of PROSPER FUNDING, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) citing 15 U.S.C. § 1681(a)(4).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

5. RADLEY BRADFORD ("Plaintiff") is a natural person whom at all times relevant resided in Houston, Texas.

6. PROSPER FUNDING, LLC ("Defendant" or "Prosper") is a "peer-to-peer lending marketplace in the United States."[1]

7. Prosper maintains its principal place of business in Cedar Falls, Iowa.

## FACTUAL ALLEGATIONS

8. At some point in January 2021, Plaintiff obtained a copy of his Clarity Services ("Clarity") and TransUnion credit reports (collectively, "credit reports").

9. These credit reports showed that Prosper requested and pulled Plaintiff's credit report on November 1, 2018; January 18, 2019; and March 1, 2019.

10. On March 10, 2021, confused as to why Prosper had pulled his credit reports, Plaintiff called Clarity and spoke with Davis to dispute the credit inquires.

11. Unfortunately, on May 4, 2021, Plaintiff received the results of the credit dispute with Clarity, which informed Plaintiff that the inquiries would remain on his file as accurate.

12. Unsatisfied with the results of the credit dispute, Plaintiff called the phone number listed on the Clarity credit report for Prosper.

13. During this call, Plaintiff spoke with Defendant's representative, Leelah ("Leelah").

14. Leelah asked Plaintiff for several pieces of personal information, then informed Plaintiff that he would need to contact another entity, WebBank, to discuss the issue.

---

[1] https://www.prosper.com/about

15. Concerned with being redirected to another company, Plaintiff performed a web search of the phone number that Leelah provided and found that it led back to Webbank/Klarna.

16. Following Leelah's advice, Plaintiff placed a phone call to the phone number that Leelah provided.

17. Plaintiff was connected to a company named Klarna, Inc., which is a partnership of WebBank.

18. During this phone call, the representative clarified that WebBank did not pull Plaintiff's credit information.

19. Additionally, the representative could not locate a credit application by Plaintiff's name or email address.

20. When Plaintiff requested the phone number to reach WebBank, Klarna's representative provided Plaintiff with the exact same phone number he had just dialed.

21. At the time Prosper accessed Plaintiff's credit report, Plaintiff did not have any open accounts with Prosper or otherwise have any form of business relationship with Prosper.

22. Further, at no point whatsoever did Plaintiff have any business dealings with Prosper or any business relationship with Prosper.

23. At no point in time did Plaintiff authorize Prosper to access Plaintiff's Clarity or Trans Union credit reports.

24. Upon information and belief, Prosper falsely represented to Clarity and Trans Union that Plaintiff had a business relationship with Prosper.

25. Prosper received sensitive personal information concerning Plaintiff under false pretenses.

26. Prosper obtained Plaintiff's credit report without Plaintiff's knowledge or authorization.

## DAMAGES

27. Prosper's intrusive conduct resulted in significant harm to Plaintiff.

28. Specifically, Prosper's credit inquiry is considered a "hard inquiry," which adversely impacts a consumer's credit score.[2]

29. Accordingly, Plaintiff's credit score was adversely impacted by Prosper's unauthorized "hard inquiry."

30. Prosper's "hard inquiry" will remain on Plaintiff's Clarity and Trans Union credit report for several years.

31. Moreover, Prosper's conduct has caused Plaintiff damages in the form of invasion of privacy and fear that Plaintiff may be a victim of identity theft.

32. As a result of Prosper's conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically: invasion of privacy; reduced credit score; mental and emotional distress; and time wasted monitoring his credit report for fraudulent account activity.

33. Concerned with the long-term impact of the "hard inquiry," Plaintiff retained counsel to enforce his privacy rights and compel Defendants to remove the "hard inquiry" from his Clarity and Trans Union credit reports.

## CLASS ALLEGATIONS

---

[2] Hard inquiries adversely impact a consumer's credit score. *"Credit Checks: What are credit inquiries and how they affect your FICO Score?"* MyFICO, www.myfico.com/credit-education/credit-reports/credit-checks-and-inquiries.

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Upon information and belief, Prosper systematically accesses consumers' credit reports without the consumers' authorization by misrepresenting to the credit reporting agencies that the consumers had an existing business relationship with Prosper.

36. Prosper's systematic practice of accessing consumers' credit reports without a permissible purpose constitutes (a) willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

37. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by Prosper; (2) within the five (5) years preceding the date of the initial complaint through the date of class certification; (3) from Equifax, Experian, Clarity, and/or Trans Union; (4) without authorization from the person.

38. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Prosper, Prosper's subsidiaries, parents, successors, predecessors, and any entity in which Prosper or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Prosper have been fully and finally adjudicated and/or released.

**A.     Numerosity**

39. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

40. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

41. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

42. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Prosper.

### B. Commonality and Predominance

43. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

44. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Prosper's conduct.

### D. Superiority and Manageability

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has no interests antagonistic to those of the Putative Class and Prosper has no defenses unique to Plaintiff.

51. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Prosper's Violations of 15 U.S.C. § 1681b(f)
### (on behalf of Plaintiff and the Members of the Putative Class)

52. Plaintiff restates and realleges all paragraphs as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

54. Prosper is a "person" as defined by 15 U.S.C. §1681a(b).

55. Plaintiff's Clarity and Trans Union credit reports that Prosper accessed without authorization are "consumer report[s]" as defined by §1681a(d)(1).

56. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

57. Prosper violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Clarity and Trans Union credit reports without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

58. As stated above, Plaintiff never had any existing business relationship with Prosper at the time Prosper accessed his Clarity and Trans Union credit reports.

59. Prosper willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit reports without a permissible purpose under the FCRA.

60. In the alternative, Prosper negligently violated §1681b(f) by accessing Plaintiff's credit reports without a permissible purpose under the FCRA.

61. As described above, Plaintiff was harmed by Prosper's conduct.

62. Upon information and belief, Prosper knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

63. Upon information and belief, Prosper does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

64. Due to Prosper's conduct, Plaintiff and the Putative Class are entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, RADLEY BRADFORD, respectfully requests that this Honorable Court enter judgment in his favor and against Prosper, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

C. Enjoining Prosper from accessing consumer credit reports without a permissible purpose;

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n;

F. Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

G. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

H. Award any other relief as this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 24, 2021                                     Respectfully submitted,

*/s/ Victor T. Metroff, Esq.*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com